RICHARD GREGG *et al.*, Appellants, *v.* JOHN RENFREWS *et al.*, Appellees.

APPEAL FROM PEORIA.

The defendant's answer, when made under oath, and responsive to the allegations in the bill, must be taken to be true.

But in order to claim this benefit, the defendant must answer fully the charge as made.

THIS was a petition by appellees against appellants for a mechanics' lien.

The petition shows, that about the 2nd of March, A. D. 1857, petitioners made a contract with Gregg to manufacture boilers, flues, fire-fronts, etc., for a distillery. That the greater part of the articles were to be delivered as soon as they could be manufactured, and the residue between the 1st of April and the 25th of July, 1857, and petitioners agreed to send up hands to assist in putting up the machinery. The articles were shipped according to the contract, and were received and accepted by Gregg. That in August, A. D. 1857, under the contract, petitioners furnished materials and did work, repairing old boilers, as per statement marked "AA."

That under the contract in August, 1857, petitioners furnished materials and repaired old boilers for Gregg, which were used and put up in the distillery. On this account, and on account of other repairs, petitioners filed the following, as part of their account, under contract of 2nd March, A. D. 1857:

AUGUST 13.

Repairing old boilers, 30½ days, $3.50 .... ........................$106.75

Drayage...................................................... .50

Repairing new boilers, 95¼ days, less time putting patch on imperfect sheet,
$3.50 ......................................................... 322.87

Your proportion of time going to and from Peoria, 6¼ days, $3.50....... 21.88

Your proportion of boiler makers going to and from and at Peoria ...... 111.39

$557.39

Petition further sets out a list of articles furnished, as is

alleged, at an agreed price, amounting to $3,975.89. These appear to be the only items to which the original contract, as stated, could apply.

The petition then sets out the entire account and claim, including the agreed items, and adding others, making the whole claim amount to $4,959.51.

Gregg filed his answer, setting up and showing that he had paid, and had a just set-off of $3,199.46.

The case was tried before POWELL, Judge, and a jury, who found a verdict for the petitioners for $3,302.79. Defendant entered a motion for a new trial, which was overruled, and a decree was rendered for petitioners for the sale of the premises.

Gregg filed a bill of exceptions, in which it is stated, that petitioners offered evidence tending to prove their account, that the materials were good and the work well done, and that the injury to the boilers was occasioned by improper management on the part of Gregg. That Gregg gave evidence tending to prove the amount of his account attached to his answer.

At the request of the petitioners, the court instructed the jury:

If the jury believe, from the evidence, that the plaintiffs furnished the materials and the labor done, as set out in the petition filed herein, and that the boilers furnished were of good material and workmanship when delivered, and that said articles of machinery were put up in the distillery of the defendant, and that the prices charged for said articles and said labor done are reasonable and the usual prices, they will find for the plaintiff.

If the jury believe, from the evidence, that said boilers were injured in the possession of defendant (Gregg), by himself, or any person in his employ, they will find for the plaintiffs.

The warranty of the plaintiff is only an implied warranty, and only required the plaintiffs to deliver to Richard Gregg, at Peoria, the said three four-flued boilers of good sound materials, and of good workmanship, and in good order.

If the jury believe, from the evidence, that said boilers were not of good material and workmanship, the measure of damages will be the amount it cost to put said boilers in a good, sound condition.

If the jury believe, from the evidence, that said boilers had been burnt, or otherwise injured by fire, by any of the hands in the employ of defendant, they will find for the plaintiff the value of said boilers when they were delivered to Richard Gregg.

That if the jury believe, from the evidence, that said boilers were made of good materials and good workmanship, when delivered to Richard Gregg, and that said boilers were injured

by the carelessness and negligence of the agents or hands of defendant, they will find for the plaintiff all the costs and charges by plaintiff expended in the repairs made on the boilers at the defendant's request.

The defendants excepted to these instructions, and appealed to this court.

N. H. PURPLE, for Appellants.

LINDSAY & FOWLER, for Appellees.

BREESE, J. The petition in this case contains all the essential averments required by the statute, and is good in form and substance.

The instructions given on behalf of the plaintiffs, taken as a whole, or as a series of instructions, are not objectionable. They state sufficiently the law upon the several points made by them.

The doctrine, that the defendant's answer, when made under oath, if responsive to the allegations in the bill, must be taken to be true, cannot be questioned. But we do not regard the defendant's answer in this light. The petition alleges that the whole amount for materials, machinery and labor, specified in the exhibits filed, is due to the petitioners, and unpaid. That part of the answer which the defendants claim to be responsive is as follows: " Defendants, further answering, state, that the said defendant, Gregg, has a just claim, as they are advised and believe, as a set-off against any claim the said petitioners may prove upon the trial of this cause, for materials returned to the petitioners, for money paid to them, and for and on account of money expended by said Gregg in repairing and fitting up said boilers, so as to make them fit for use, amounting to the sum of $3,052.72, as per account marked A. B., hereto attached and made part of this answer, will appear."

Here, it will be perceived, the defendant, Gregg, does not claim his bill of particulars, A. B., as payment, but as a set-off to the plaintiff's claim, so far as it goes. He nowhere states, in response to the bill, that he has paid the plaintiff's demand. To claim the benefit of the answer as evidence for the defendant, it must answer fully the charge as made. The charge is, that the account is unpaid. The answer is, that he has a set-off against the plaintiffs, contained in his exhibit A. B., filed with the answer, and which he makes part of the answer. In that exhibit, it appears that the payments of money were made to third persons, but it is not alleged they were made at the plaintiffs' request; and so with regard to the draft on Ewing, it is

not alleged it was on account of this work and materials, or that it was ever received by the plaintiffs, or paid by Ewing.

The answer, then, is not responsive to the allegation in the bill, that the account of the plaintiffs is due and unpaid.

We discover no error in the record, and therefore affirm the judgment, the evidence fully sustaining the verdict.

*Judgment affirmed.*