James v. Bushnell et al.

JOHN JAMES, Plaintiff in Error, v. WASHINGTON BUSHNELL et al., Defendants in Error.

ERROR TO LA SALLE.

A party to recover in chancery, if the allegations in the bill are denied, must establish his rights by evidence.

In chancery practice, the evidence should be preserved in the record, in order to have the decree sustained.

THIS bill in chancery alleges, that complainants are seized in fee simple as tenants in common of the undivided one-third of the undivided ten-sixteenth parts of a part of north half

of west half of south-east quarter of Sec. 18, Town. 33, Range 5, describing the lands by metes and bounds. That said land is covered with timber and contains a valuable coal mine. The defendants, except James, claim some interest in the land. That James is engaged in mining coal upon land adjoining, which belongs to Daniel Ward, and has made an entrance on the land of Ward near the line of the land on which complainants are interested, and has run the entry into the lands first described, and is mining coal therein, and has taken out of said lands 200 tons of coal, and is still digging coal from said land and converting it to his own use; and has cut a large quantity of timber on said land, and is still engaged in cutting timber thereon, without consent of the owners of the land; and that such acts work an irreparable injury to the freehold. That James is not responsible in damages.

Prayer that James be enjoined. That all the defendants answer, but not under oath. That an account may be taken, and James required to pay for the coal and timber he has taken; and for general relief.

James, one of the defendants, denies, upon his belief, that complainants have any title to the land claimed; insists that if they have such title, they have a remedy at law. There may be coal on the land claimed, but defendant has no knowledge of the extent or value of the same. Denies that Ward has any title to the premises described in the bill; admits that Ebenezer Jackson, Gordon S. Hubbard, and the unknown heirs of Josiah S. Lawrence, have, or claim to have, some interest in the land. Denies that he has taken any wood or coal from land belonging to complainants. Defendant alleges that said north-west quarter of said south-east quarter of said Section 18, was conveyed by James H. Reading and William T. Hopkins to Charles H. and Hiram C. Gould, and that they are the legal and equitable owners thereof, and that they, for a valuable consideration, conveyed to him one-fourth interest in the coal upon said land, August 20, 1855, at which time defendant took possession of the land, and held possession until November 8, 1858, when he conveyed his interest in the

same to Edward Hughes, for a valuable consideration; that said Hughes has held possession of the land ever since, for himself, and Gould and the owners.

Replication to James' answer filed.

Decree entered perpetually enjoining James and all acting under him, from interfering in any way with said land.

The errors assigned are, that the court erred in hearing the case, when the proper parties were not before the court; in rendering a decree against defendant, James, without evidence; and in rendering the decree aforesaid in manner and form aforesaid.

J. N. READING, for Plaintiff in Error.

The bill shows that there were other parties interested in the land, who were entitled to be heard. An account is prayed.

The answer shows that Charles H. Gould, Hiram C. Gould and Edward Hughes were necessary parties to the proceedings. *Prentiss* v. *Kimball*, 19 Ill. 320.

The record shows no proof whatever to support the decree. *Stacey* v. *Randall*, 17 Ill. 467; *Wilson* v. *Ninney*, 14 Ill. 27; *Ward* v. *Owens*, 12 Ill. 283; *Nichols* v. *Mourton*, 16 Ill. 113; *Ryan* v. *Miller*, 14 Ill. 68; *Cummings* v. *Cummings*, 15 Ill. 33.

GRAY, AVERY & BUSHNELL, for Defendants in Error.

WALKER, J. No exhibits, or other proof, appear in this record. The answer, although not very positive, does deny the allegations of the bill, and requires proof of complainants' title. If such proof was heard on the trial, it is not presented in the record. It is one of the plainest of all the elementary principles, that a party to recover must, unless it is confessed, prove his right by sufficient evidence. The bill alleges, and to present a case in which the court could grant relief, had to allege, that the complainants were the owners of the land, that defendant was trespassing, and that from insolvency their remedy at law was worthless. Until these allegations were either proved or admitted, the court could afford no relief.

They were not proved or admitted, but on the contrary were denied. In proceedings in courts of chancery the practice requires the evidence to be preserved in the record, and if it fails to show grounds for granting the relief ordered by the decree, it must be reversed on appeal or writ of error.

There being no evidence in this case upon which to base the decree of the court below, it must be reversed, and the cause remanded for further proceedings.

*Decree reversed.*