PETER BRESSLER *et ux.*

*v.*

WILLIAM McCUNE *et al.*

56   475
123   533
56   475
133   298
56   475
138   191
56   475
139   519
189   535
56   475
154   655
56   475
58a   283
56   475
73a   430

1. INJUNCTIONS *in the appellate court.* In cases where the court below has awarded a temporary injunction, which is continued to the final hearing, and is then dissolved and the bill dismissed, and the party prays for and perfects his appeal under the order of the court, such appeal will operate to suspend the decree dissolving the injunction, and, therefore, leaves it still in force.

2. But if the injunction should be dissolved by an interlocutory order, and the cause afterward proceeds to a final hearing, the appeal will not operate to revive the injunction.

3. When, however, an injunction has been dissolved by an interlocutory order in the court below, and an appeal taken from a final decree dismissing the bill, the appellate court will entertain a motion to revive the injunction, and, in a proper case, such motion will be allowed.

4. Chancery — *when proof necessary to support the bill.* When a chancery cause is regularly set for final hearing on bill, answer and replication, and the answer denies the material allegations of the bill, if the complainant would obtain the relief sought, he must maintain his bill by the necessary proof.

5. Preserving evidence in chancery — *depositions.* If depositions are regularly taken in a chancery cause and filed therein, they will be taken and considered by the appellate court as a part of the record without any certificate of the judge below for that purpose.

6. And the same rule prevails as to exhibits made a part of the bill and regularly filed therewith.

7. Evidence in chancery — *affidavits. Ex parte* affidavits, produced on a motion to dissolve an injunction, can not be read in evidence on the final hearing of the cause except by consent of parties, which should appear from the certificate of the judge who tried the cause.

8. Chancery — *presumption as to what evidence is considered.* Where depositions have been regularly taken and filed in a suit in chancery, it will be presumed they were read on the final hearing, although there is no recital in the final decree to that effect; and the same presumption obtains in regard to exhibits made a part of the bill and regularly filed therewith. So, also, it will be presumed that oral evidence, heard on a motion to dissolve an injunction, was considered on the final hearing of the cause when such evidence is preserved in the record.

9. Same — *reference to the master in matters of account.* In cases of a complicated character, involving matters of account between the parties, the chancellor ought, in conformity to the rules of chancery practice, to refer the subject to the master to take and state the account.

Appeal from the Circuit Court of Whiteside county; the Hon. W. W. Heaton, Judge, presiding.

This was a suit in chancery, instituted in the court below by Peter Bressler and Sabrina Bressler, his wife, against William McCune and William A. Sanborn. An injunction which had been granted by the judge, at chambers, was afterward dissolved by an interlocutory order of the circuit court, and on a final hearing the bill was dismissed. Thereupon this appeal

was taken by the complainants, who entered a motion in this court to revive the injunction.

Messrs. EUSTACE, BARGE & DIXON, and Mr. F. VANDER-VOORT, for the appellants.

Messrs. SACKETT & BEAN and Mr. J. M. WALLACE, for the appellees.

Per CURIAM: The complainants filed their bill against the defendants in the circuit court of Whiteside county. and prayed for an injunction. The bill was presented to the judge of said court, at chambers, and thereupon he made an order on the record for a temporary injunction. In pursuance of such order, a writ of injunction was issued by the clerk of said court, in due form, and was regularly served on the defendants. At the October term of said court the said defendants entered their motion to dissolve the injunction. This motion was not disposed of at that term of the court, but in vacation succeeding said term, the parties submitted affidavits and oral testimony on said motion. At the May term, A. D. 1870, on the 23d day of May, the court entered an order dissolving the temporary injunction. At the same term, on the 25th day of May, the parties, by their solicitors, submitted said cause to the court for final hearing. The court dismissed the bill for want of equity, and thereupon the complainants prayed an appeal, and perfected the same by filing their appeal bond in due form.

The appellants filed the record of said cause in this court, and now enter their motion to revive the injunction.

The rule on the question of injunctions, on records in this court, may be concisely stated, thus: In cases where the court below award a temporary injunction, which is continued to the final hearing, and is then dissolved and the bill dismissed, and the party prays for and perfects his appeal under the order

478    BRESSLER *et ux. v.* McCUNE *et al.*    [Sept. T.,

Opinion of the Court.

of the court, such appeal suspends the decree dissolving the injunction, and, therefore, leaves it still in force. But, if the injunction is dissolved by an interlocutory order, and the cause afterward proceeds to a final hearing, such appeal will not revive the injunction.

This case falls within the latter clause of the rule.

After a careful examination of the record in this cause, the court is of opinion that the injunction awarded in the court below should be revived in this court until said cause can be heard. The injunction will, therefore, be revived on the said complainants giving bond, in the usual form, in the penal sum of $1,000, with security, to be approved by this court.

*Injunction revived.*

Upon a final hearing on the appeal, the following opinion was delivered:

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 9th day of January, 1869, the appellant Peter Bressler, executed his note to the defendant Sanborn, for the sum of $8,093.77, and to secure the payment, Bressler and his wife executed a trust deed to the defendant McCune on certain real estate, a part of which was owned by the wife in her own right. The note was not paid at maturity, and McCune, at the instance of Sanborn, advertised the property under the provisions of the trust deed, and was about to sell the same.

The bill in this case was then filed, alleging error or mistake in the amount for which the note was given, stating a complicated course of dealing between the parties, involving a long bank account, the borrowing of money at different times on different kinds of securities, the purchase and sale of property, the giving of a large number of notes, in renewal and otherwise, by Bressler to Sanborn.

It is alleged in the bill that, during the time these transac-

tions were occurring between the parties, Bressler was in such condition of health that his mind and memory were. temporarily impaired, and to such an extent that, during said time, he was not in a fit condition to take charge of, or attend to, his financial affairs, but did, during that time, to a great extent, entrust the management of his business affairs to the care and ,ontrol of the defendant Sanborn, and that Sanborn had, from time to time, complicated the affairs between himself and Bressler to a great extent by frequently and repeatedly causing him to give new notes, claimed to be in renewal or extension of other notes, and, at the same time, retaining the old notes for which the new notes were given in renewal or extension, and, in various other ways, so complicated their affairs that, at the time the note of the 9th of January, 1869, was given, Bressler did not know the true state of the accounts between them, and was in that condition of mind that he could be most easily and readily imposed upon.

When the answer of the defendant Sanborn was filed to the original bill, the appellants obtained leave and filed an amended bill, in which they stated the details of the transaction between the parties somewhat differently from the statements in the original bill. The same is also true of the answer of Sanborn to the amended bill. In his answer to the amended bill he states the transactions between himself and Bressler totally unlike his statements in his former answer to the original bill. Both answers were sworn to, although the oath was expressly waived. This fact itself is the strongest possible evidence that neither party knew the exact state of the accounts existing between them at the beginning of this litigation, and that neither one of them could then give any clear history or statement of the transactions out of which the note in controversy originated. The mental condition of Bressler at that time affords a reasonable explanation for his want of a clear understanding of the state of the accounts between himself and Sanborn at the time of the execution of the note, but the evidence fails to afford any

explanation for the confused accounts on the part of Sanborn. The evidence discloses that Sanborn is a banker, and that Bressler is a farmer.

The bill prays for an injunction, and asks that an account may be taken to ascertain the true state of accounts between the parties, and offers to pay whatever amount shall be found due to the defendant Sanborn.

Upon filing his answer, the defendant Sanborn entered a motion to dissolve the injunction. The evidence on this motion was taken before the judge in vacation. A very large mass of evidence was then taken, consisting of *ex parte* affidavits, the bank books of the defendant, and oral testimony, all of which is preserved in the record by the certificate of the judge who heard the cause in the court below.

The final decree, however, made in the cause, recites that at the May term, 1870, and on the 23d day of the month, the injunction hereinbefore granted was dissolved, and that on the 25th day of the same month, on motion of the solicitors for the complainants, the cause was set for hearing on the amended bill, answer and replication; and, the cause coming on to be heard, the bill was dismissed for want of equity.

These different orders all appear in one order on the record, and, so far as the record discloses, the cause was heard immediately upon its being set for hearing, and the bill was dismissed on the same day.

The record also shows that the cause was set for hearing on the motion of the solicitor for the appellants. How it happened that the cause was brought to a hearing immediately upon its being set down for hearing, the record does not disclose, nor are we in any manner advised.

It is insisted, on the part of the appellees, that no evidence was heard upon the final hearing of the cause, and inasmuch as the answer denied the material allegations of the bill, the bill was, therefore, properly dismissed.

The rule is undoubtedly well stated that, when a cause is regularly set for final hearing on bill, answer and replication,

and where the answer denies the material allegations of the bill, if the complainant would obtain the relief sought, he must maintain his bill by the necessary proof. *Reese* v. *Darby*, 4 Scam. 159; *James* v. *Bushnell*, 28 Ill. 158.

From an inspection of the record we can not say that this cause was heard at the final hearing simply on bill, answer and replication, without evidence. If depositions are regularly taken in a chancery cause and filed therein, they will be taken and considered as a part of the record without any certificate of the judge for that purpose, and the court will presume that such depositions were read at the final hearing of the cause, although there is no recital in the final decree to that effect. The same rule prevails as to exhibits made a part of the bill and regularly filed therewith, and the court in like manner will presume that they were considered on the hearing. *Ex parte* affidavits produced on a motion to dissolve an injunction can not be read as evidence on the final hearing, except by consent of parties, which should appear from the certificate of the judge who heard the cause. In this instance the evidence heard on the motion to dissolve the injunction was made a part of the record by the certificate of the judge. No time or opportunity appears to have been afforded the appellants to offer any additional evidence to that already embraced in the record, before the cause was brought to a final hearing. Neither party offered any additional evidence, and it may be, that the parties deemed that in the record sufficient for the purposes of that hearing. It will be presumed that the court considered the whole record upon the final hearing; if so, it must have considered the oral evidence heard on the motion to dissolve the injunction, for it was made a part of the record. It was wholly unnecessary to re-read that evidence on the final trial, for the reason that the chancellor had once heard it and fully considered it. We may presume that the evidence had been fully discussed by the respective counsel before the court on the motion to dissolve the injunction, and that from such consideration of the evidence thus preserved in the record, the

31 — 56TH ILL.

482        BRESSLER *et ux. v.* McCUNE *et al.*        [Sept. T.,

Opinion of the Court.

court made up its judgment that the bill ought to be dismissed. We have carefully considered the record and the evidence thus preserved, and we are not entirely satisfied that the full amount of the note of the 9th of January, 1869, is due to the defendant Sanborn. There is enough in the record to awaken our suspicion of the fairness of the transaction. But the evidence is so conflicting, and of such an unsatisfactory character, that we think the court below, in conformity to the well established rules of chancery practice, ought to have referred the cause to a master to take and state the accounts between the parties, and to ascertain accurately the true amount due the defendant Sanborn. This is the well recognized and established practice in all cases of a complicated character, and ought to have been adopted in this case. *Steere* v. *Hoagland*, 39 Ill. 264.

There is evidence in this record that tends very strongly to show, and we may say does satisfy us, that the note of the 9th day of January, 1869, now in controversy, does not represent the true amount of indebtedness from the appellant Peter Bressler to the defendant Sanborn; but because the evidence is complicated and, to some degree, unsatisfactory in its character, this decree will be reversed and the cause remanded, with instructions to the court to refer the cause to a master, to take and state the account between the parties, and with leave to either party to take new and additional testimony.

The injunction originally awarded in this cause has been revived in this court, and will be continued in force until the cause is finally disposed of in the circuit court.

A majority of the court concurring herein, the decree of the circuit court is reversed and the cause remanded.

*Decree reversed.*

LAWRENCE, C. J., THORNTON, J., and SHELDON, J., dissenting.