BAIRD *et als v.* CUMBERLAND AND STONES RIVER TURNPIKE COMPANY *et als.*

AN order of the court appointing a receiver of a Turnpike Company, in a suit between the stockholders and officers of the company, with power to collect incomes and debts, and apply the proceeds to the repair of the road and the payment of the salaries of the officers, is not such an interlocutory order or decree as may be superseded under the Code, sec. 3933.

PETITION FOR SUPERSEDEAS.

COOPER, J., delivered the opinion of the court.

The complainants, claiming to be stockholders of the Cumberland and Stones River Turnpike Company, filed this bill against the company, its president, directors, and officers, to have the rights of the complainants as stockholders declared, and to call the individual defendants to account for the incomes and profits of the road received, and alleged to have been appropriated by them to their own use. At the April term, 1878, of the Chancery Court at Lebanon, in which court the suit was pending, a Circuit Judge, sitting by interchange with the Chancellor, made an order enjoining the individual defendants from collecting, receiving, or in anywise disposing of the accruing earnings and profits of the road until further order. During the same term, but after the defendants had answered the bill, the cause was heard by the same judge "upon the bill, answers, affidavits, and argu-

ments of counsel," and he, being of opinion that it
was a proper case for the purpose, appointed a receiver
of the road with power to receive and collect its in-
comes and evidences of debt, and apply the proceeds
to the repair of the road, and to the payment of the
salaries of the officers.    On the 11th of September,
1878, the defendants presented to this court, then sit-
ting at Knoxville, their petition, with a transcript of
the record, asking for a recission and *supersedeas* of
the foregoing orders, and that the receiver be required
to turn over any funds in his hands to the officers
of the company.    Notice of the application was ac-
cepted by the complainants, and the petition has been
submitted on written arguments on both sides.

This court has heretofore held, in cases not reported,
that an application to supersede an order made in
one grand division of the State will not be entertained
by the court sitting in another grand division.  Strictly
speaking, therefore, the action taken on the applica-
tion is by the judge to whom the record has been
assigned.    The conclusion reached, has, however, been
arrived at after consultation, and being unanimous may
be considered as that of the court.

The application is made under the Code, sec. 3933,
which reads thus:

"The Supreme Court in term, or either of the
judges in vacation, may grant writs of *supersedeas* to
an interlocutory order or decree or execution issued
thereon, as in case of a final decree."

It has been repeatedly held by the court that the
statute does not confer the power to supersede an or-

der granting an injunction or dissolving an injunction previously granted. *McMinnville & Manchester R. R. Co.* v. *Huggins,* 7 Col., 217; *Mabry* v. *Ross,* 1 Heis., 769; *Redmond* v. *Redmond,* 1 Tenn. Leg. Rep., 359.

These rulings have been followed at the present term in *Park* v. *Meek,* MSS. The application, therefore, so far as it seeks to supersede, rescind or review the action of the court below in granting the injunction mentioned cannot be entertained.

The cases cited go farther and hold, that under the statute the court can only suspend or supersede for the time the execution of such interlocutory orders and decrees as are of a nature to be actively enforced against a party and are *in fieri,* and not orders or decrees of a negative or prohibitory character, or such as have been executed.

The petition in this case shows upon its face that the receiver has gone into possession under the appointment. It appears, moreover, that the defendants have been enjoined from collecting, receiving, or in anywise disposing of the accruing earnings of the road. The *supersedeas* cannot be granted without modifying the previous ruling in relation to executed orders, and if granted, would leave the injunction in full force and would consequently be of no practical utility.

The power conferred on the court by the statute is to supersede such interlocutory orders and decrees or execution issued thereon, "as in case of a final decree," that is, such orders and decrees as it would supersede upon granting a writ of error on a final

decree. The orders and decrees which would be superseded by a writ of error are such as adjudicate rights, and admit of active execution. The action of the court or judge upon extraordinary process, either by *fiat* at chambers, or order in term, issued for the preservation of rights pending litigation, is not ordinarily affected by the *supersedeas* of the final decree, on writ of error, or by appeal. *Kearney* v. *Jackson*, 1 Yer., 294; *Bressler* v. *McCune*, 56 Ill., 475. It is otherwise where the action results in the execution of a decree adjudicating rights in advance of a final hearing. *Payne* v. *Johnson*, 1 Tenn. Leg. Rep., 363; *Forgay* v. *Conrad*, 6 How., 201; *Railroad Co.* v. *Bradley*, 7 Wal., 575. The appointment of a receiver is ordinarily in the nature of extraordinary process, for it neither settles nor prejudices rights, and is only resorted to for the purpose of preserving the property in controversy pending the litigation for the benefit of the successful party. *Forgay* v. *Conrad*, 6 How., 204.

Such an appointment, in a case clearly within the competency of the court, can no more be superseded than the *fiat* or order of the court directing the issuance of extraordinary process for the same end. It might be otherwise if the appointment was not within the competency of the court, as where the contest is over the legal title to land, or does not extend to the rents, for then it would affect possession, which is itself a right. *Richmond* v. *Yates*, 3 Baxter, 204; *Morford* v. *Hamner*, 3 Baxter, 391; *State* v. *Allen*, 1 Tenn. Ch., 512. The distinction is between the want

of power and the discretionary exercise of conceded power. In the latter case, and where the action of the court is merely preservative of rights, the section of the Code under consideration has no application.