FREDERICK M. ATKINSON

v.

THE LINDEN STEEL COMPANY et al.

*Filed at Ottawa June 10, 1891.*

1. CHANCERY PRACTICE—*preservation of evidence.* In all chancery cases in this State, either the evidence to support the decree must appear in the record in some mode or other, or else the facts upon which the decree is based must be found by the court in its decree.

2. It will be sufficient if a decree and its findings are supported by admissions in the pleadings of the parties, even if no evidence is preserved in the record, so when a contract is alleged and admitted by

the pleadings, and the only contention is as to its legality and proper construction, a decree holding the contract legal, and enforcing the same as construed, will not be reversed for want of a certificate of evidence.

3. Where a bill in equity is dismissed, on the hearing, for want of equity, and the record contains no evidence and the decree fails to recite that the hearing was upon evidence, the decree of dismissal will not be reversed. It will be presumed that the court below decided correctly.

4. Where a decree recites that the court finds so and so, without saying from the evidence or the pleadings or admissions, this court will presume, if necessary in order to sustain the "findings," that the court below did hear evidence.

5. SAME—*certificate of evidence.* If the complainant whose bill is dismissed on the hearing thinks the decree erroneous, he should embody the evidence in a certificate signed by the judge who tried the cause, otherwise the decree will be affirmed.

6. SAME—*proof of facts admitted by pleadings.* In no case, either at law or in chancery, is a party required to prove facts alleged in his pleadings which are admitted by the pleadings of the opposite party.

7. SAME—*ex parte affidavits on final hearing.* Ex parte affidavits produced on a motion to dissolve an injunction can not be read in evidence on the final hearing except by consent of parties, which should appear from the certificate of the judge who heard the cause.

8. PAYMENT—*burden of proof.* Where the existence of a debt is admitted or shown, payment will not be presumed, it being an affirmative fact to be established by the debtor.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for the appellant:

Unless a decree states that the cause came on to be heard on the bill, answer, or pleadings and proof, or evidence, it will be assumed by this court that there is no proof to support the decree.

The decree need not give the evidence in the words of the witnesses, but the facts proved. *McIntosh* v. *Saunders,* 68 Ill. 130; *Moore* v. *School Trustees,* 19 id. 83; *Walker* v. *Carey,* 53 id. 470.

Where the decree states that proofs were heard, and then finds the facts, it will be presumed that the evidence justified the finding, unless the evidence appears in the record and fails to prove the facts found.   *Cooley* v. *Scarlett*, 38 Ill. 316 ; *Preston* v. *Hogden*, 50 id. 56 ; *Mauck* v. *Mauck*, 54 id. 281 ; *Allen* v. *LeMoyne*, 102 id. 25 ; *Secrist* v. *Petty*, 109 id. 190.

The pleadings in a case can not constitute evidence upon which a decree can be based, unless the allegations in the bill are directly admitted by the answer. *Dooley* v. *Stipp*, 26 Ill. 87.

Messrs. TRUMBULL, WILLITTS, ROBBINS & TRUMBULL, for the appellees :

In the absence of proof it must be presumed that the court properly dismissed appellant's cross-bill.   *Reddick* v. *State Bank*, 27 Ill. 147 ; *Bressler* v. *McCune*, 56 id. 480.

A party is not required to prove facts admitted by the pleadings. *Pankey* v. *Raum*, 51 Ill. 90 ; *Morgan* v. *Corlies*, 81 id. 74.

The court having found the facts, and there being nothing in the record to negative the fact that evidence was heard, this court will presume that evidence was heard, and that it was sufficient to support the finding.   *Binkert* v. *Railway Co.* 98 Ill. 211.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In a suit in equity brought by the Linden Steel Company, limited, against the Chicago Tire and Spring Works and others, a cross-bill was exhibited by Frederick M. Atkinson, the appellant, and a certain other cross-bill was exhibited by Charles H. Ferry, one of the appellees.   The cause was heard on the 20th day of February, 1889, upon said cross-bills, and upon the amended cross-bill and supplemental cross-bill of Atkinson, and the amended cross-bill of Ferry, and the answers and replications, and a decree was entered dismissing the cross-bill, and the amended and supplemental cross-bills of Atkinson,

for want of equity, and finding that "the agreement referred to in said Ferry's amended cross-bill, and made a part thereof as 'Exhibit A,' was executed by said Atkinson and Charles H. Ferry, and that the same is an existing and valid agreement, and not void by reason of public policy or for any other reason, and that said Ferry is entitled to vote the said 500 shares of said stock of the Chicago Tire and Spring Works belonging to Atkinson and held by said Ferry under said agreement, until said $15,000, with interest thereon at the rate of eight per cent per annum, shall have been repaid to said Ferry, as provided in said agreement." And the court "further ordered, adjudged and decreed that said Charles H. Ferry is entitled to vote upon the 500 shares of the stock of said Atkinson held by said Ferry, and standing in his name on the books of said Chicago Tire and Spring Works, under said agreement of September 10, 1881, between said Ferry and said Atkinson, until said sum of $15,000, with interest at the rate of eight per cent per annum, shall have been repaid to said Ferry, in pursuance of said agreement."

The only grounds urged for a reversal of the decree rendered upon the cross-bills are, that there is no evidence in the record showing that the contract upon which the decree is predicated was ever introduced in evidence, and that said decree does not state that any evidence was heard in support thereof.

We find in the record a certificate of the evidence which was heard by the court on the 17th day of February, 1887, and more than two years before the final hearing in this cause, upon a motion for an injunction upon the cross-bill of Ferry, and a motion to dissolve the injunction theretofore granted upon the cross-bill of Atkinson. But said evidence consists of *ex parte* affidavits which were read upon the submission of said motions, and it does not appear, either from the certificate or otherwise, that said affidavits were either read or considered upon the final hearing. *Ex parte* affidavits produced

on a motion to dissolve an injunction can not be read as evidence on the final hearing except by consent of parties, which should appear from the certificate of the judge who heard the cause. (*Bressler et ux.* v. *McCune et al.* 56 Ill. 475.) We may therefore consider said certificate of evidence as eliminated from the record.

The decree appealed from is of a two-fold character. In the first place, it dismisses the cross-bills of appellant for want of equity ; and in the second place, it grants relief upon the cross-bills of Ferry. In respect to the decree upon the cross-bills of appellant, the case of *Thomas* v. *Adams et al.* 59 Ill. 223, is an authority in point. There the answers to the bill of complaint put its averments in issue, and the record contained no evidence, and the decree failed to recite that the hearing was upon evidence, and the action of the court below dismissing the bill was sustained. This court in that case said : "If, on the evidence before the chancellor, complainant believed the decree was erroneous, he should have had it embodied in a certificate, signed by the judge who tried the case. We must, in the absence of proof, presume that the court below decided correctly in dismissing the bill. Nor was it the duty of the defendants to preserve complainant's evidence. It may be that proof was heard on the trial, but it does not appear in the transcript. We fail to find any error in the record, and the decree of the court below is therefore affirmed."

In respect to the decree in the cross-cause of Ferry, it is recited therein that such cause "coming on for final hearing, the court finds," etc., setting forth the facts as hereinbefore quoted from the decree. There is no recital that the hearing was upon evidence or upon proofs. The statement in the transcript is simply that the court "finds" certain specified facts, and those facts are such as would authorize the decree that was rendered. If evidence was necessary to justify the findings inserted in the decree, ought it to be presumed in favor of the validity of the action of the trial court that it did

hear evidence? There can be no question of the rule in this State, that in all chancery causes either the evidence to support the decree must appear in the record in some mode or other, or else the facts upon which the decree is based must be found by the court. In *Jones* v. *Neely*, 72 Ill. 449, it was recited in the decree that the cause was tried on bill, answer and proofs, and that a special master was appointed to reduce the testimony to writing, or heard in open court. In these respects that case differs from this. In that case this court used the following language: "It is said, the recital in the decree that it 'appearing' to the court so and so, is not a recital that the matters therein stated were found by the court upon the evidence in the case. This is construing the language of the decree with unwarrantable strictness, and presuming against, instead of in favor of, the correct action of a court. Courts act in view of testimony, and we can not and ought not.to presume that anything 'appeared' to the court on the trial of the cause except what appeared from the testimony." So in the decree at bar appears the recital that the court "finds" so and so. The court could not "find" the facts therein stated without it did so either from admissions in the pleadings, or from the stipulations of the parties, or from the evidence. In the absence of anything to the contrary in the record, this court should.presume, if necessary in order to sustain the "findings," that the court did hear evidence.

But even if the rule were otherwise, yet we think that the admissions in the pleadings in the cause sufficiently support the decree. The principal point made by appellant seems to be that the contract of September 10, 1881, upon which the decree is predicated, was introduced in evidence. Under the circumstances of the particular case it was not incumbent upon Ferry to offer the written agreement of that date in evidence. In no case, either at law or in chancery, is a party required to prove facts alleged in his pleadings which are admitted by the pleadings of the opposite party. (*Pankey,*

*Admr. et al.* v. *Raum,* 51 Ill. 88.) Here, the existence, execution and contents of the agreement of September 10, 1881, fully appear in the pleadings of both parties. Said written agreement is set out as an exhibit to Ferry's cross-bill, and is also set out and made an exhibit to the cross-bill of appellant; and by his answer filed on February 17, 1887, to the amended cross-bill of Ferry, appellant expressly admits that Ferry and he "entered into" said agreement, and in said answer he, for greater certainty, makes reference to the copy of said agreement which is attached to his (appellant's) original cross-bill. It was unimportant, under the circumstances, that the execution of said agreement was not proven at the trial, and that the contract was not formally introduced in evidence. The claims set up by appellant in his pleadings were in regard to the legal construction of said agreement, and that said agreement was "contrary to public policy, and that Ferry should not be allowed to take advantage of its terms."

The only facts other than the execution, existence and contents of the contract, which were involved in the findings made by the court or in the decree based thereon, were, that Ferry purchased 600 shares of stock in the tire and spring works for $15,000, that appellant transferred to Ferry 500 shares of the 605 shares of his (appellant's) stock mentioned in said agreement, and that the $15,000, with interest at eight per cent, had not been repaid to Ferry, as provided for in the agreement. The answer of appellant to the cross-bill of Ferry admitted the purchase by Ferry of the 600 shares of stock, and that appellant had delivered to Ferry a certificate for 500 other shares of his stock, and the cross-bill of appellant admitted the purchase by Ferry of the 600 shares of stock for $15,000, and the supplemental bill of appellant asked that Ferry "return and assign to your orator (appellant) the said 500 shares of stock in his possession and claimed by him under said agreement." By the terms of the agreement Ferry was to have the right to vote the 605 shares mentioned therein,

13—138·ILL.

and only 500 shares of which were in fact transferred to him,. until the $15,000, with interest at eight per cent, should be repaid. The repayment of the $15,000 would not be pre-- sumed, and such repayment would be an affirmative fact to be established by appellant. But waiving this, it clearly ap- pears from the admissions in appellant's answer to Ferry's cross-bill and from the admissions in appellant's cross-bill, that said $15,000 has not been repaid, either by dividends upon stock or by sales of the 600 shares of stock or otherwise, and that Ferry is still the owner of said 600 shares.

It may be, as is suggested by appellant in his reply brief, that he, in his pleadings, denied the right of Ferry to vote the stock in question, contested his right to have any further stock issued, denied and challenged the validity of the con- tract on the ground of public policy, averred that he was the absolute owner of the stock and that he alone had the right to vote the same, denied that Ferry had any rights to the re- payment of the $15,000, and asserted that the same was a part payment on stock and was to be used in and about the business of the tire and spring works, and was not to be repaid to Ferry. But all these claims of appellant are matters which involve only the legal validity of and the construction to be placed upon the written contract, and indicate clearly that the contentions of appellant in the trial court were in respect to matters of law, and admitted the facts upon which the decree of the Superior Court was based.

We find no substantial error in the record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*