## Agnes Grunenberg v. Robert B. Smith.

1. CHANCERY PRACTICE—*No Replication—Answer Taken as True.*— In the absence of a replication the answer must be taken as true.

2. SAME—*Admissions of One Defendant Do Not Bind a Co-defendant.*—Admissions made by one defendant in her answer, although made in the name of an alleged firm, do not conclude a co-defendant, even when such defendants are partners.

3. ADMISSIONS—*By Partners.*—Partners being agents for each other, the admissions of one in relating to the affairs of the partnership are receivable as evidence against the other partners. Such admissions are, however, only evidence; they do not preclude a denial of the truth.

**Bill to Foreclose a Chattel Mortgage.**—Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1895. Reversed and bill dismissed. Opinion filed April 4, 1895.

### STATEMENT OF THE CASE.

The original bill in this case was filed to enjoin the police of the city of Chicago and the defendant, Grunenberg, and her solicitor, from interfering with the defendant in error in the foreclosure of a chattel mortgage. A preliminary injunction was granted.

The defendant in error thereafter amended his bill, asking the foreclosure of the chattel mortgage by the court and an order for the sheriff to take possession of the property.

Grunenberg, and one Catherine Caplain were alleged to have been at the time of the execution of the mortgage, doing a partnership business at No. 451 West Madison street, consisting of the retail sale of umbrellas, lamp shades, and various articles of merchandise. The defendant in error, it is alleged, loaned to them jointly, various sums of money, aggregating more than $1,500, for which notes were given by Catherine Caplain in the name of the firm, and the mortgage referred to was made in the same way.

Catherine Caplain filed in the name of the alleged firm of Grunenberg & Caplain, an answer verified by her, in

which is admitted all the allegations of the bill. Agnes Grunenberg filed her answer denying nearly all the material allegations of the bill and asserting that quite a portion of the articles covered by the chattel mortgage were the personal and separate effects of her, the said plaintiff in error.

The answer contains also allegations which, if true, preclude the possibility of relief being, as against plaintiff in error, granted to the complainant. This answer was verified by plaintiff in error.

The cause having been set down for hearing on bill and answer, the court found for the complainant and gave to him a decree in accordance with the prayer of his bill.

M. SALOMON, attorney for plaintiff in error.

THOMPSON, HAWES & McCASLIN, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

No replication having been filed, the cause having been set down for hearing on bill and answer, so far as the rights of the plaintiff in error are concerned, her answer must be taken as true.

The admissions made by Catherine Caplain in the answer by her filed, although made in the name of the alleged firm, can not conclude her co-defendant.

Partners being agents for each other, the admissions of one in matters relating to the affairs of the partnership are receivable as evidence against the other partners. Such admissions are, however, only evidence; they do not preclude a denial of their truth. Even if the admission of Miss Caplain made in her answer would be under other circumstances treated as evidence against her co-defendant, in the hearing had by agreement on bill and answer, such admissions were not to be considered in passing upon the rights of the plaintiff in error. As to her, only the statements in the bill and her answer were before the chancellor.

The fact that Miss Caplain filed her answer in the name of the firm added nothing to it. It was Miss Caplain's answer and nothing more. Collier on Partnership, Secs. 707, 720, 775; Reese v. Darby, 4 Scammon 159; Gregg v. Renfrew, 24 Ill. 620; Winkler v. Winkler, 40 Ill. 179; Bressler v. McCune, 56 Ill. 475.

The suit was a proceeding against the individuals who were alleged to have been partners. Plaintiff in error, therefore, properly prosecutes the suit in error in her name only.

The decree of the Circuit Court as to Agnes Grunenberg is reversed and the bill here dismissed as to the plaintiff in error, Agnes Grunenberg.

Reversed and bill dismissed as to plaintiff in error.