T. A. KING et al.

v.

MAY LAMON et al.

*Opinion filed December 13, 1901.*

1. MECHANICS' LIENS—*written contract must specify time for completing work.* Under the Mechanic's Lien act of 1895 no lien can be enforced on a written contract which does not provide for the time of completing the work or for making final payment therefor.

2. APPEALS AND ERRORS—*decree not supported by facts recited or evidence preserved must be reversed.* On appeal in a chancery case the decree must be reversed where it is not supported by the facts which it specifically recites or by evidence preserved in the record.

*Lamon* v. *King Bros.* 91 Ill. App. 74, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

ISAAC A. LOVE, and W. R. JEWELL, Jr., for appellants.

D. D. EVANS, and G. M. McDOWELL, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery exhibited by the appellants for a decree declaring a mechanic's lien in their favor, as contractors, under the act approved June 26, 1895, (Hurd's Stat. 1899, p. 1104,) and for the enforcement of such lien by a sale of the premises to which the bill prayed the lien should be declared to attach. The circuit court in which the bill was filed, on a hearing on bill, answer, replication and proofs, awarded a decree as prayed, but on appeal the Appellate Court for the Third District reversed the decree and remanded the cause, with directions to dismiss the bill. This appeal seeks a reversal of the judgment of the Appellate Court.

In *Freeman* v. *Rinaker*, 185 Ill. 172, we held that under the Mechanic's Lien act, approved June 26, 1895, where

the contract relied upon as the basis for the lien is in writing, no lien can be enforced unless the contract provides for the time of completion of the work and of making final payment therefor. In *Kelley* v. *Northern Trust Co.* 190 Ill. 401, we were asked to re-consider the ruling made in the case of *Freeman* v. *Rinaker, supra,* but upon thorough re-examination of the point we declined to recede from that decision and re-affirmed the correctness of the construction there given the statute in question.

The bill in the case at bar alleged that the contract under which the materials were furnished and the labor performed for which the lien was sought, was in writing, and made a copy thereof, which was attached to the bill as an exhibit, a part of the pleading. The written contract contained no provision as to the time within which the work was to be performed or the money to be paid therefor. The bill did not allege that any time had been fixed or agreed upon for the completion of the work or for the payment of the money. The answer contains no admission upon the point. The record contains no proof bearing upon either of these points, and there is no recital in the decree touching upon them or either of them. The decree establishing the lien is therefore not warranted by the bill, the proofs preserved in the record or the recitals of the decree.

The rule which governs in the review of decrees in chancery, on appeal, is, that the decree must be justified by the facts which it specifically recites or by evidence preserved in the record, and if the facts necessary to uphold the action of the court in granting the decree are not preserved in either of these modes, the decree will be reversed on appeal or writ of error. (*James* v. *Bushnell,* 28 Ill. 158; *First Nat. Bank* v. *Baker,* 161 id. 281.) The Appellate Court, therefore, did not err in reversing the decree in the case at bar.

It affirmatively appeared from the bill, the written contract being a part thereof, and from the evidence pre-

served in the record, that the appellants were not enti-
tled to a lien, and for that reason the Appellate Court
properly directed the dismissal of the cause.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*