## M. S. Pierce et al. v. C. P. Barnes et al.

1. MECHANICS' LIENS—*Contract Must Specify Time for Completion and Payment Thereunder.*—In order to entitle a contractor to a mechanic's lien under a written contract, the contract must fix the time for its completion, and payment thereunder.

**Bill for a Mechanic's Lien.**—Error to the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

ELMER H. ADAMS, attorney for plaintiffs in error.

A. B. COON, attorney for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

C. P. Barnes, the owner of premises in Woodstock, Illinois, entered into a contract in writing with William Goepel, whereby the latter undertook to build for Barnes a residence upon said premises. To carry out his contract, Goepel made an agreement with appellants, Pierce & Sturtevant, to furnish the mill work. Pierce & Sturtevant in turn obtained from Anderson & Lind, certain material furnished by the former to Goepel, to be used upon the residence under the contract. On September 15, 1900, Anderson & Lind filed a bill for a mechanics' lien upon said premises, making Barnes, Pierce & Sturtevant and Goepel defendants. Pierce & Sturtevant answered the bill and afterward filed an amended answer in the nature of an intervening petition, alleging that there was due to them as sub-contractors for labor and material $669.64. Barnes also answered the bill. The master in chancery to whom the cause was referred, found that the contract between Goepel and Barnes did not specify any time for the completion of the same, and that the contract between Goepel and Pierce & Sturtevant did not specify the time of payment for the material or for the delivery thereof. The court upon the hearing, confirmed the report of the

master, adopted his conclusions and ordered that the original bill of Anderson & Lind and the answer and intervening petition of Pierce & Sturtevant be dismissed. To reverse that decree Pierce & Sturtevant have brought this writ of error.

The only question presented by counsel for plaintiffs in error is, whether the contract under which the materials were furnished should have specified the time for completion and payment. The case of Freeman v. Rinaker, 185 Ill. 172, holds that a contractor can not enforce his lien where the contract under which his services are rendered is in writing and contains no provision as to the time within which the work is to be performed or the money paid.

In Kelley v. Northern Trust Co., 190 Ill. 401, it was held that no lien was given by the law for work done and materials furnished under a written contract, when no time was fixed by the contract for the completion of the work and delivery of the materials, though the work was done and the materials furnished within one year from the date of the contract.

In King v. Lamon, 193 Ill. 537, and Williams v. Rittenhouse & Embree Co., 198 Ill. 602, the doctrine enunciated by the two cases above referred to was re-affirmed by our Supreme Court. Counsel for appellant, however, insists that although the rule as above stated may apply to original contractors, it does not apply to sub-contractors, and in support of his position cites us to the case of Kelley Brewing Co. v. Neubauer Decorating Co., 194 Ill. 580. We do not, however, understand that case as going to the extent claimed by counsel. It was there said in the course of the opinion that " The lien of the sub-contractor being a direct lien its existence does not depend upon the existence or non-existence of a contractors' lien, and the waiver of a lien by a contractor, either in express terms or by the execution of a contract which does not create a lien under the statute, will not affect the sub-contractor's lien. The contractor may waive or estop himself to enforce a lien,

but the sub-contractor may, nevertheless, bring himself within the protection of the statute by complying with the provisions thereof, and, independently of the contractor, assert a lien for his work or materials." If, therefore, the sub-contractor enters into a contract in writing providing for the time within which the work is to be completed and payment made, he can, if the contract is in other respects valid, enforce his lien, although the original contractor may have made a contract under which he could not enforce his own lien.

In the case before us, however, neither the contract made by the original contractor, nor that made by plaintiffs in error, as sub-contractors, both of which were in writing, fixed the time for the completion of the contract or payment thereunder. Consequently appellants, as sub-contractors, are in no better position to enforce their contract, than the original contractor himself.

In addition to the question above raised it is to be noted that the bill in this case alleges that the contract between Goepel and plaintiffs in error was a verbal contract, whereas the record shows that it consisted of a written proposition and an acceptance in writing, and was consequently a contract in writing. This constitutes a variance between the case made by the bill and the proofs. In our opinion the court below properly dismissed the bill and its decree in so doing is therefore affirmed.