Torssell v. Eiffert.

---

## Amalie Torssell v. Jacob A. Eiffert.

'108    67
,r207s 621

1. CHANCERY PRACTICE—*How Decree Must Be Supported.*—A decree in chancery must be supported by evidence preserved in the record or by facts appearing from the findings of the court recited in the decree.

2. PRESUMPTIONS—*From Statement that the Court Found Certain Facts, Is that It Did So upon Evidence.*—In the absence of any showing to the contrary the presumption is, from a statement that the court found certain facts, that it did so upon evidence.

Bill to Set Aside a Judgment.—Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed May 19, 1903.

JAMES HARVEY HOOPER, attorney for plaintiff in error.

CHARLES E. WYMAN, attorney for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a decree obtained by the defendant in error upon a bill filed by him against the plaintiff in error to set aside a certain judgment theretofore entered in favor of Amalie Torssell and against Jacob Eiffert. The only contention made by plaintiff in error upon this appeal is, that there is in the record no evidence supporting the decree. That a decree in chancery must be supported by evidence preserved in the record, or by facts appearing from the findings of the court, recited in the decree, is well

settled. Lawrence v. Lawrence, 181 Ill. 248–253; First National Bank v. Baker, 161.Ill. 283.

The decree entered December 13, 1901, recites that this cause coming on to be heard upon the bill, answer and replication, and the court having heard the evidence and the argument of counsel of respective parties, doth find:

"That the court has jurisdiction of the parties and the subject-matter in this cause; that all the material allegations of said bill are true."

No brief has been filed or argument made on behalf of the defendant in error. The Supreme Court, in Bree v. Bree, 51 Ill. 367–372, said:

"It is urged that the proof fails to sustain the decree. It was rendered on a hearing upon the bill, answer of guardian *ad litem*, master's report and proofs. It finds that every material allegation of the petition was proved, and has been held to be sufficient, even in chancery practice. But this is a statutory proceeding, and the evidence need not all be preserved in the record. When the court finds that all the material allegations have been proved, we will, in the absence of anything rebutting the finding of the court, presume the evidence warranted the finding."

In the absence of any showing to the contrary the presumption is, from a statement that the court found certain facts, that it did so upon evidence. Atkinson v. Linden Steel Co., 138 Ill. 187–191; Jones v. Neely, 72 Ill. 449.

It has been repeatedly held that in proceedings for divorce, wherein it is necessary that evidence should be heard and a decree can not be entered alone upon a bill taken as confessed, that the statement in the record that the court finds, or the master finds, the allegations of the bill substantially proven to be true, will be taken to have been made upon evidence produced before the court or master. Shillinger v. Shillinger, 14 Ill. 147–150; Wheeler v. Wheeler, 18 Ill. 39–40; Bergen v. Bergen, 22 Ill. 187–189; Davis v. Davis, 30 Ill. 180–184.

The decree of the Circuit Court setting aside the judgment obtained by plaintiff in error is affirmed.