## Samuel Richardson v. Central Lumber Company.

1. MECHANICS' LIENS—*Statutory Requirements.*—Section 7 of Ch. 82, R. S., as to mechanics' liens, provides in substance that no contractor shall be allowed to enforce a lien as against a purchaser unless, within four months after the last payment under his contract shall have become due and payable, he shall either bring suit to enforce his lien, or shall file with the clerk of the Circuit Court of the county in which the building, erection or other improvement to be charged with the lien is situated, against the owner, a claim for lien verified by the affidavit of himself, agent or employe, which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein, or the time implied, for completion and for final payment, and the date that the same was completed, if completed, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tract of land to pass the title thereof by deed or conveyance.

2. SAME—*Where Contract is Verbal.*—Sec. 6 of Ch. 82, R. S., provides that if the work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time.

Richardson v. Central Lumber Co.

**Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the March term, 1902. Reversed. Opinion filed January 8, 1903.

**Statement.**—The appellee Lumber Company made a verbal agreement with Carl and Anna Anderson, January 30, 1899, the then owners of certain real estate described in the bill, to furnish certain lumber and building material for the improvement by said Andersons of their said property. The lumber and materials were furnished as agreed, the first being delivered on the date of the agreement and the last April 5, 1899, were used in improving the premises, and there is due therefor to appellee $631.07.

July 20, 1899, the Andersons conveyed said real estate to the appellant, Richardson, by quit-claim deed, which was recorded July 22, 1899.   Thereafter, on April 13, 1900, the bill in this case was filed against Richardson and others, in which the foregoing facts, except the conveyance to Richardson, are alleged, and that Richardson claims some interest in the premises; that appellee filed with the clerk of the Circuit Court on July 22, 1899, a statement of claim for lien, a copy of which was made a part of the bill, from which it appears that " C. C. Wheeler swears that he is agent for the Central Lumber Company; that lumber and building materials were furnished under a verbal contract entered into by and between said company and Anna S. Anderson and Carl G. H. Anderson on or about the 30th day of January, A. D. 1899, in and by which agreement it was agreed that the said Central Lumber Company should furnish and deliver to said Andersons such lumber and building materials as the said Andersons should order for the building mentioned on the property described, and which was to be paid for on the last delivery of the last installment of lumber and building material so delivered and used; that all of said lumber and materials were delivered on the dates and in the amounts as set forth in ' Exhibit A,' and the last installment of lumber and materials was delivered on the 5th day of April, A. D. 1899."

The statement further shows that on a certain exhibit

" A " attached thereto, appeared the prices which were to
be charged by appellee for said lumber. No other or fur-
ther statement of the contract between appellee and the
Andersons appears from said statement of claim. A
demurrer of Richardson to the bill was overruled and he
answered. After issues were made the cause was referred
to a master, who took evidence and reported in favor of a
lien as claimed by appellee. Thereafter the bill was
amended by leave of court by the insertion of the follow-
ing :

" Orator further represents it was provided in said ver-
bal contract, and was part of same, that orator should fur-
nish such lumber, the delivery to begin immediately, and
said deliveries to be completed within three months. Ma-
terials were to be paid for within thirty days after expira-
tion of said three months, and buildings were to be finished
before May 1, 1899."

A demurrer of Richardson to the bill as amended was
overruled, he answered the amended bill, and the cause was
again referred to the master, who filed a supplemental
report, which shows, among other things, the conveyance
of the real estate by the Andersons to Richardson, and
recommends that a decree in favor of appellee, allowing its
lien, and for a sale of the real estate be entered. A hear-
ing was had on exceptions to the master's supplemental
report, which were overruled, the report confirmed and a ·
decree in appellee's favor entered, from which this appeal
is taken.

WILLIAM S. NEWBURGER and T. F. MONAHAN, attorneys
for appellant.

ELMER H. ADAMS, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.
It seems necessary to consider only two questions presented
by this record, viz.: the sufficiency of the statement of claim
for lien filed by appellee in the Circuit Court, and of the
contract on which the lien claimed is based. Section 7 of
Ch. 82, Hurd's Rev. Stat., as to mechanics' liens, provides in

substance that no contractor shall be allowed to enforce a lien as against a purchaser, unless, within four months after the last payment under his contract shall have become due and payable, he shall either bring suit to enforce his lien, or "shall file with the clerk of the Circuit Court of the county in which the building, erection or other improvement to be charged with the lien is situated, against the owner, a claim for lien verified by the affidavit of himself, agent or employe, which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein, or the time implied, for completion and for final payment, and the date that the same was completed, if completed, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tract of land to pass the title thereof by deed of conveyance."

Section 6 of the same act provides as follows:

"If the work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of this act unless the work shall be done or materials furnished within one year from the date of the contract, and final payment therefor is to be made within such time."

The bill in this case was filed more than eleven months after the last material was delivered, according to the evidence and the statement of claim filed in the Circuit Court, and more than ten months after the last payment became due, according to the allegations of the amended bill. Richardson became the purchaser of the premises by deed, which was recorded on July 22, 1899, the same day the statement for claim of lien was filed in the Circuit Court. It was essential, therefore, under the statute quoted, before appellee could have a lien, that he file his statement of claim therefor in accordance with the statute. It fails to appear from the claim for lien which is quoted in the statement preceding this opinion, that any time is named therein when the lumber and material contracted to be furnished and delivered to the Andersons were to be delivered, but only that the last installment thereof was delivered on April 5, 1899; nor does it appear from said claim that any time is shown when the last payment for such lumber and mate-

rial was to be made, except that payment was to be made on the last delivery of the last installment of said lumber and material. Because there is nothing to show when the last delivery of lumber and material was to be made, it follows that there was no time fixed for the last payment. It seems clear, therefore, that the statement of claim for lien is not a compliance with the statute.

If, however, it could be said that the statement of claim does comply with the statute in this regard, there could be no lien under the contract set forth in the statement, for the reason that under section 6, as has been held in the late case of Williams v. Rittenhouse & Embree Co., 198 Ill. 602–10, the contract being a verbal one, there could be no lien unless it provides by its terms that the work should be done or materials furnished within one year from the date of the contract, and final payment therefor should, by the terms of the contract, be provided to be made within the same time. It is clear that the contract set forth in the statement of claim for lien states no time within which the lumber and material were to be delivered, and, as above stated, no time for the making of the last payment therefor. Section 7 of the statute above quoted provides that the claim for lien, among other things, should contain "a brief statement of the contract." Appellant, in purchasing this property, had a right to rely upon the matters stated in this claim for lien, and since it states a contract which would give the appellee no right to a lien, he should be protected therefrom.

Moreover, if we consider the case under the allegations of the amended bill, there could be no lien, because the claim for lien offered in evidence shows an entirely different contract from that alleged in the amended bill.

There being no right of lien in favor of appellee, the decree of the Superior Court is reversed.