Maurice VonPlaten *et al.*

*v.*

Amelia E. Winterbotham *et al.*

*Opinion filed June 16, 1903.*

1. Practice—*in chancery—not necessary to except to master's legal conclusions.* If the master in chancery states the facts correctly it is not necessary or proper to except to the legal conclusions drawn by him from such facts.

2. Same—*court's reason for rendering decree is immaterial.* A decree which, under the facts, is correct in law will be affirmed, whether reasons stated in the decree for rendering it are correct or not.

3. Mechanics' liens—*right to Mechanic's lien arises out of the contract.* The right to a mechanic's lien arises out of a contract between the owner, or one whom the owner has authorized to improve the property, and the contractor.

4. Same—*contract must fix times for performance and payment.* Under section 6 of the Mechanic's Lien act no lien can be had under the act unless the contract, whether written or verbal, fixes times for completion and payment within limits established by the act.

5. Same—*original contract controls sub-contract.* Under section 22 of the Mechanic's Lien act, relating to sub-contractors' liens, the work must be done or materials furnished in pursuance of the original contract, and the latter necessarily controls the sub-contract as to the time for completion and payment, so far as the owner is concerned.

6. Same—*a sub-contractor's lien is dependent upon original contract.* If the original contract is not sufficient, under the statute, to create a mechanic's lien, no sub-contractor's lien can be allowed. (*Williams* v. *Rittenhouse & Embree Co.* 198 Ill. 602, followed; *Keeley Brewing Co.* v. *Neubauer Decorating Co.* 194 id. 580, overruled.)

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. Chetlain, Judge, presiding.

Dunn & Hayes, for appellants:

Section 6 of the Mechanic's Lien act is a section of limitation, and relates to the contract of the original contractor only. Mechanic's Lien act, sec. 6.

The application of section 6 to sub-contracts would defeat the object sought to be attained by section 27 of the Mechanic's Lien act, giving a lien to the laborer, and although a strict construction must be applied, it must not be such as to render the act ineffective.    Mechanic's Lien act, sec. 27; *Culver* v. *Schroth*, 153 Ill. 437; *Hayes* v. *Hammond*, 162 id. 133.

The cases relied on by the master for reversing his original report recommending a lien, and relied on by the court in its decree, arose solely on questions as to the sufficiency of the original contract.  *Lamon* v. *King*, 91 Ill. App. 74; *Freeman* v. *Rinaker*, 185 Ill. 178; *Kelly* v. *Northern Trust Co*. 190 id. 401; *King* v. *Lamon*, 193 id. 587; *Fitch Paper Co*. v. *McDonald*, 91 Ill. App. 543.

The contract of a sub-contractor is not governed by the limitations of section 6, but is governed by section 22, which contains no provision that the sub-contract shall specify a time for completion and for final payment. Mechanic's Lien act, sec. 22; *Keeley Brewing Co*. v. *Decorating Co*. 194 Ill. 593.

The lien of a sub-contractor is a direct lien.  Its existence does not depend upon the existence or non-existence of the contractor's lien. *Keeley Brewing Co*. v. *Decorating Co*. 194 Ill. 580.

H. W. Gleason, also for appellants.

John Schwender, for appellee Amelia E. Winterbotham:

The failure to expressly stipulate a time for completion and payment in contract is fatal to a right of lien. Mechanic's Lien act, secs. 6-22; *Kelly* v. *Northern Trust Co*. 190 Ill. 401; *Freeman* v. *Rinaker*, 185 id. 172; *Lamon* v. *King*, 91 Ill. App. 74; *Rogers* v. *Apartment House Co*. 93 id. 302.

This also applies to sub-contractors.  *Williams* v. *Rittenhouse & Embree Co*. 198 Ill. 602.

A contract which provides for payments to be made "as the work progresses" is not a sufficient compliance with the statute. The contract must provide a specific time, as the law will not imply one. *Freeman* v. *Rinaker*, 185 Ill. 172.

An agreement to furnish such material "as plaintiff should request, to be paid for within a reasonable time after delivery," is not sufficient. *Kinzie* v. *Thomas*, 28 Ill. 502; *Cook* v. *Vreeland*, 21 id. 431; *Senior* v. *Brebnor*, 22 id. 252.

Mr. Justice Cartwright delivered the opinion of the court:

The appellants VonPlaten & Dick filed in the superior court of Cook county their petition for a mechanic's lien on an apartment house and lot in Chicago, as sub-contractors, against the appellees, Amelia E. Winterbotham, owner of the premises, and W. J. Reynolds, the original contractor; and the appellant the T. Wilce Company, a corporation, filed its intervening petition for a lien on the same premises as a sub-contractor under Reynolds. The petition and intervening petition having been answered and replications filed, the issues were referred to a master in chancery, who took and reported the evidence, with his conclusion that neither the petitioners nor the intervening petitioner were entitled to liens, and he recommended that both petitions be dismissed for want of equity. The court heard the cause on exceptions to the master's report, and they were overruled and the petitions were dismissed. The Appellate Court for the First District affirmed the decree.

The original petition alleged that prior to August 3, 1898, the defendant Amelia E. Winterbotham entered into a contract with W. J. Reynolds for the erection of an apartment building, and agreed to pay him a large sum of money, the exact amount of which and other terms of the contract being unknown to petitioners; that on said day petitioners contracted with Reynolds to fur-

nish the mill work; that no specific time was set for the completion of their contract, which was made by a written proposition and acceptance, but a reasonable time, to-wit, within one year, was implied, payments to be made as deliveries progressed and final payment on the completion of delivery, and that the original contract and sub-contract were performed. The intervening petition of the T. Wilce Company alleged that on April 4, 1898, W. J. Reynolds made a written contract with Amelia E. Winterbotham, the owner, for the carpenter work of an apartment building on the premises, for a consideration of $12,776; that on September 15, 1898, Reynolds entered into a parol contract with said company, whereby it was to furnish the hardwood flooring, and that said contract was performed prior to November 1, 1898. To the intervening petition was annexed a copy of the original contract between W. J. Reynolds and Amelia E. Winterbotham for the carpenter work on the building, to be performed on demand of the architect, so as to cause no delay in completing the building. The petition and intervening petition averred notice and the necessary facts in case the contracts created liens under the statute.

The findings of fact by the master, adopted by the court and recited in the decree, are to the effect that Amelia E. Winterbotham, on April 4, 1898, entered into a contract with W. J. Reynolds to do the carpenter work in the construction of the building; that the petitioners, VonPlaten & Dick, on August 3, 1898, entered into a contract in writing with Reynolds to deliver and furnish the mill work for $4000; that petitioners furnished and delivered substantially all the mill work, and that there remained unpaid therefor $1335.50; that Reynolds and petitioners substantially completed their respective contracts, and that petitioners served notice of the lien on the owner in due time, on October 25, 1898. The findings in reference to the T. Wilce Company were, that on March 31, 1898, Reynolds entered into a contract with

said company to furnish the hardwood flooring for the building at such times and places as should be required by him, the implied time being within the space of one year; that the company delivered the materials by October 5, 1898, of the total value of $1122, and after deducting items of expense and the value of material returned, the amount due was $1100.18, and that notice of a lien was duly served.

The master stated in his report that he based his conclusion that the law did not allow liens to the petitioners or intervening petitioner upon the fact that no specific time was fixed in either of the sub-contracts for the performance of the same or for payment. This was a conclusion of law from the facts. The petitioners and the intervening petitioner each filed exceptions to the conclusion of the master on the question of law, and the exceptions were overruled by the court, and the same reason for dismissing the petitions and denying liens was stated in the decree. The exceptions as to the legal conclusion of the master were neither necessary nor proper. Where the master states the facts correctly, it is not necessary for one who claims that the master is mistaken as to the legal consequences of the facts to except to the report. Exceptions relate to matters of fact, and the question whether the master has drawn an incorrect legal conclusion from the facts will be heard without exceptions. (2 Daniell's Ch. Pr. sec. 1310; *Hurd* v. *Goodrich*, 59 Ill. 450; *Hayes* v. *Hammond*, 162 id. 133.) It is also immaterial what reason the court stated in the decree for rendering it, if the facts stated therein lead, as a matter of law, to the same conclusion. An appellate court will not reverse a decree which correctly pronounces the judgment of the law upon the facts because an improper reason is given for the conclusion. A decree which is correct in the law should be affirmed, whether the reasons recited in it, which are no essential part of the decree, are correct or not.

We have not held that a mechanic, workman or mate-
rial-man under an original contractor must enter into a
contract specifying a time for performance and payment,
as in the case of an original contractor with the owner,
but we decided in *Williams* v. *Rittenhouse & Embree Co.* 198
Ill. 602, that where the original contract did not comply
with the requirements of the statute, without which no
lien could be had by virtue of the act, there would be
no lien in favor of a sub-contractor. We did not decide
in that case, as contended by counsel for appellees, that
the Rittenhouse & Embree Company had no lien because
their contract with Stevens & Sherbrook, the principal
contractors, fixed no time for the completion of the sub-
contract or for final payment. Stevens & Sherbrook
were the original contractors for the carpenter and mill
work under a verbal contract which did not specify a
time for performance or payment, and the Rittenhouse
& Embree Company entered into a verbal contract with
Stevens & Sherbrook to furnish the lumber. The entire
discussion in the opinion related to the question whether
the Stevens & Sherbrook contract was sufficient to cre-
ate any liens under the act. We referred to section 6 of
the Mechanic's Lien law, and held that, inasmuch as the
contract did not fix the times for performance and pay-
ment, there was no lien, by virtue of the law, to either of
the parties. That decision must be regarded as inconsist-
ent with what was said in *Keeley Brewing Co.* v. *Neubauer
Decorating Co.* 194 Ill. 580, to the effect that the lien of a
sub-contractor is not subordinate to that of the original
contractor or dependent upon the fact that the original
contract authorizes a lien.

The right to establish mechanics' liens against prop-
erty is created by a single act of a comprehensive nature
embracing all liens of that nature, and entitled "An act
to revise the law in relation to mechanic's liens." (Laws
of 1895, p. 225.) The right to a lien arises out of a con-

tract between the owner of the premises to be charged with the lien, or one whom such owner has authorized or knowingly permitted to improve the same, and a contractor for the improvement. While the lien is not created by the contract of the parties but by the statute, a contract is made essential to the lien. Section 6, which relates to the contract with the owner, provides that "no lien shall be had by virtue of this act" unless the contract, whether verbal or written, fixes times for performance and payment within the limits established by the act. This language is general and relates to all liens under the act, which is to be construed with reasonable strictness, so as to include only persons who are brought within its terms. The language of section 22, relating to sub-contractors, is as follows: "Every mechanic, workman or other person who shall in pursuance of the purposes of the original contract furnish any materials, apparatus, machinery, or fixtures, or furnish or perform services or labor for the contractor, shall be known under this act as a sub-contractor, and shall have a lien for the value thereof, with interest on such amount from the date the same is due, in the same manner, from the same time, on the same property and to the same extent as is herein provided for the contractor." The materials must be furnished or the labor done in pursuance of the purposes of the original contract, and the time for completion and payment must necessarily be controlled by such original contract, by which the owner has stipulated the time for performance and payment. The lien is created in the same manner, from the same time, on the same property and to the same extent as provided for the contractor. If a sub-contractor could have a lien regardless of the original contract, and in a case where the statute provides that no lien shall exist by virtue of the act, it would enable the contractor, without the consent of the owner, to extend liens over any period or to create them in violation of the contract. It is not to

be presumed that the legislature intended to restrict or abridge the right of contract which the owner has, and to give a lien to a sub-contractor, where the terms of the only contract to which the owner is a party are such that no lien can arise, or in spite of an agreement that there shall be no lien. Under such a construction a contractor whose contract with the owner does not create or authorize a lien could establish against the property liens to the whole amount of the contract by simply sub-letting all the work. If a statute would be constitutional which would give a lien to a sub-contractor where the owner has not assented to any contract which would create a lien, the act should not be construed in that way if it can be avoided. Where the contract with the owner is sufficient to create a lien, it might well be implied that the owner, through the agency of the contractor, assents to the sub-contractors' liens by the employment of labor and procuring material to carry out the contract, but if the contract with the owner is inconsistent with the existence of a lien, the creation of a sub-contractor's lien could rest on no such assumption. No reason is apparent why sub-contractors should be permitted to establish secret liens against property not authorized under the original contract or in violation of its terms. The requirement is that the materials shall be furnished or the labor performed in pursuance of the purposes of the original contract, and there is no requirement that the sub-contract shall fix a time for performance or payment, which, so far as the owner is concerned, must necessarily be governed by the original contract. The legislature required the original contractor to specify a time for performance and time for payment, and it must be assumed that they recognized that the sub-contract must be completed at the same time as the original contract. The sub-contractor may be a laborer working by the day or hour, where no contract for a specific time or completion within a definite period would be expected, and the

legislature must have had this in view and regarded his contract as subordinate to the original contract.

The contract between the owner and the original contractor in this case did not come within the requirements of the statute, and we conclude that the decree dismissing the petition and intervening petition was correct and that the Appellate Court committed no error in affirming it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*