## E. F. Smith, et al., v. The Central Lumber Company.

### Gen. No. 11,245.

1. MECHANIC'S LIEN—*contract essential to.* A contract which fixes the time of completion and the time of making final payment within the period fixed by statute, is essential to support a claim for mechanic's lien.

2. MECHANIC'S LIEN—*what bill for, should allege.* A bill seeking a mechanic's lien is insufficient to sustain a decree therefor which does not set up a contract of the character essential as shown in the first paragraph of this syllabus, and both allegations and proof must appear to sustain such a lien.

Mechanic's lien proceeding. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1902. Reversed and remanded with directions. Opinion filed April 11, 1904.

N. F. OLSON, for plaintiffs in error.

ELMER H. ADAMS, for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

Defendant in error, as a subcontractor for one Smith, furnished certain lumber and mill work to build a cottage on a lot in Austin, Cook county, Illinois, owned by plaintiff in error Pearson, who made a contract partly in writing and partly verbal with said Smith, to furnish the materials and do the work necessary to construct the cottage. There is due to defendant in error from said Smith a balance of $405.35, for which it filed a bill for a mechanic's lien against said plaintiff in error and others. Issues were made and the cause referred to a master, who, after taking the evidence, reported in favor of the lien claimed for said amount. Pending the reference to the master the bill was amended and issues were formed on the bill as amended. The only allegation in the amended bill as to the contract between Smith and Pearson is, viz: "That on or about February 12, 1900, E. F. Smith entered into a contract with August Pearson, part of said contract being in writing and part being verbal; that in the written portion of said contract it was agreed between the said Smith and Pearson that the said Smith was to construct for Pearson a frame building on premises as described in the original bill; and that it was verbally understood by and between the said Smith and Pearson that said building should be completed on or about June 1, 1900."

The answer admits that Smith made a contract in writing with Pearson on or about February 12, 1900, to construct a frame building on his premises, but denies that any part of the contract was verbal or that there was any verbal contract that said building should be completed on or about June 1, 1900, or any other given day.

On the hearing before the master a contract in writing between Smith and Pearson was offered and received in evidence, which provides in detail for the construction of the cottage in question for the sum of $1,494, payable, viz: "Three hundred dollars when first floor joists is laid;

Smith v. Central Lumber Co.

2nd, $300 when building is under roof; 3rd, $300 when plastered; balance, $594, when completed;" but it contains no provision whatever as to when the building should be completed. The only evidence as to the contract, aside from the writing, is that of Pearson and Smith, who were called as witnesses for defendant in error. Pearson testified, in substance, that the writing offered in evidence was the only contract of any kind he had with Smith, and that when the contract was made there was nothing said by Smith as to when the house would be ready to occupy— that no time was given—no definite time stated; he never said anything as to how long it would take him to complete the building. Smith was not asked about any contract between him and Pearson, but testified that he said to a Mr. Wheeler, who made the figures on behalf of the lumber company for the lumber and mill work, when asked by Mr. Wheeler how long a time such a contract would take, "There is no time mentioned in the contract, but ordinarily it takes four months to build a building of this character." He said nothing more about it. It is thus apparent that the proof fails to sustain the allegations of the bill as to the time when the work was to be done under the original contract, and the bill itself has no allegation as to the time when the money was to be paid to the original contractor. Unless the original contract complies with the requirements of the statute, there can be no lien in favor of a subcontractor. Williams v. Rittenhouse & E. Co., 198 Ill. 602–10; Von Platen v. Winterbotham, 203 Ill. 198–203. In the Williams case the court, in speaking of the right of a subcontractor to a lien, where it was claimed that the original contract was insufficient under the statute to give a lien to the original contractor, said: "The true construction of section 6 of the said lien act is, that if work is done or the material furnished for which a lien is claimed under a verbal contract, the contract must require that the work be done and the material furnished within one year from the date of the contract, and that the money therefor shall be paid within one year. Under a contract in writing liens may be enforced when the work is to be performed

at any time within three years, and the time of payment may be extended, under a written contract, for one year after the completion of the work. The time of the completion of the work and of the payment of the money therefor is equally important, whether the contract be verbal or in writing. * * * If the agreement be verbal, it must appear that the time of the completion of the work and for the payment of the money was fixed and settled upon by the parties, otherwise the statute does not give the lien."

In the Von Platen case the court, in speaking of the Williams case, stated that it was held in that case that " when the original contract did not comply with the requirements of the statute, without which no lien could be had by virtue of the act, there would be no lien in favor of a subcontractor," and further said that "inasmuch as the contract (referring to the original) did not fix the times for performance and payment, there was no lien by virtue of the law to either of the parties." In the latter case the court expressly held that if the original contract is not sufficient to create a lien under the statute, then there could be no lien in favor of a subcontractor.

It is well settled that allegations without proof are insufficient to sustain a decree, except in case of a decree *pro confesso*, and proof without allegations is also insufficient to sustain a decree. The allegations of the amended bill are insufficient, because they fail to state a time when payment was to be made under the contract between Pearson and Smith, and the proof is insufficient to sustain the decree awarding a lien in favor of the defendant in error, because it wholly fails to show any time when the work was to be completed. The statement of Smith to Wheeler was no part of the contract between Pearson and Smith.

We are therefore of opinion that the Superior Court erred in its decree, which is reversed and the cause remanded, and that court is directed to enter a decree dismissing the bill, as amended, of The Central Lumber Co. The plaintiff in error Pearson will recover his costs in this court and in the Superior Court.

*Reversed and remanded with directions.*