532    APPELLATE COURTS OF ILLINOIS.

VOL. 137.] Central Illinois Const. Co. v. Brown Const. Co.

## Central Illinois Construction Company et al. v. W. W. Brown Construction Company.

LIEN—*what not agreement to waive.* A provision as follows: "The completed work when offered to the company for acceptance shall be delivered free from any and all liens, claims or encumbrances of any description," is not sufficiently precise and definite in its terms to constitute either an express or implied waiver, in any event, of the statutory right to assert and enforce a lien.

Bill in equity. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL DWIGHT, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed November 22, 1907.

J. H. ATTERBURY and TERRY & GUELTIG, for appellants.

DEMPSY, BAXTER & BARNHART and JETT & KINDER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee, the W. W. Brown Construction Company, filed its bill in equity to enforce a subcontractor's lien upon the property of appellant, the St. Louis & Northeastern Railway Company, under the provisions of section 2 of an act entitled, "An Act to protect contractors, subcontractors and laborers in their claims against railroad companies or corporations, contractors or subcontractors." Rev. Stat. 1905, page 1316. Appellant, the Central Illinois Construction Company, was made a party defendant to the bill. The cause was heard upon the bill, answer, replication and proofs, and a decree entered finding the amount due appellee from the original contractor to be $21,518 with interest at five per cent. from November 15, 1905, and awarding appellee a lien upon the property of the St. Louis & Northeastern Railway Company for that amount.

Numerous errors are assigned by appellants to effect a reversal of the decree, but in the view we are constrained to take of the case it will only be necessary to consider and determine one question, viz.: whether or not appellee has waived its right to enforce a lien.

The original contract between the Central Illinois Construction Company and the St. Louis & Northeastern Railway Company for the construction of the railroad provides, that "The completed work when offered to the company for acceptance shall be delivered free from any and all liens, claims or encumbrances of any description."

In Schroeder v. Galland, 134 Pa. 277, where the contract between the owner and the principal contractor stipulated that the building should be built, finished and delivered to the owner "free of all liens and encumbrances or any claims whatever that might arise under any action of the party of the second part or his legal representatives under this contract," it was held that the stipulation constituted an implied waiver by the contractor and also by the subcontractor of their statutory right to assert and enforce mechanics' liens. If the provision in the original contract in the case at bar, which is substantially similar to the provision in Schroeder v. Galland, *supra,* be held to constitute a waiver by the Central Illinois Construction Company of its right to assert and enforce a lien, then appellee as a subcontractor is likewise bound by such provision and must be held to have waived its right to assert and enforce a lien. As announcing a contrary doctrine counsel for appellee direct our attention to the case of Keeley Brewing Co. v. Neubauer Decorating Co., 194 Ill. 580, where it was held that a subcontractor's lien was a direct lien and did not depend upon the existence or non-existence of the original contractors' lien, and that the waiver of a lien by the original contractor did not affect the right of a subcontractor to a lien if the latter complied with the provisions of the statute.

534    Appellate Courts of Illinois.

Vol. 137.] Central Illinois Const. Co. v. Brown Const. Co.

In Von Platen v. Winterbotham, 203 Ill. 193, the holding in Keeley Brewing Co. v. Neubauer Decorating Co., *supra*, was overruled, and it was there said: "It is not to be presumed that the legislature intended to restrict or abridge the right of contract which the owner has, and to give a lien to a subcontractor, where the terms of the only contract to which the owner is a party are such that no lien can arise, or in spite of an agreement that there shall be no lien. Under such construction a contractor whose contract with the owner does not create or authorize a lien could establish against the property liens to the whole amount of the contract by simply subletting all the work." This language is as applicable to the character of lien here sought to be enforced by a subcontractor, as it is to a lien sought to be enforced by a subcontractor under the provisions of the Mechanic's Lien Act. In both instances a contract between the original contractor and the owner of the railroad corporation is essential to the lien, and it is essential to the lien of a subcontractor that the material shall be furnished or the labor be performed in pursuance of the terms of such original contract. If the original contractor enters into an agreement not to assert or enforce a lien, or to permit a lien to be asserted or enforced by a subcontractor, a subcontractor, whose only connection with the owner is through the original contract, is chargeable with notice of all the provisions of such original contract, and is bound thereby.

Notwithstanding the decision in Schroeder v. Galland, *supra*, we are of opinion that the provision in the original contract involved in the case at bar, viz.: "The completed work when offered to the company for acceptance shall be delivered free from any and all liens, claims or encumbrances of any description," is not sufficiently precise and definite in its terms to constitute either an express or implied waiver, in any event, of the statutory right to assert and enforce a lien. The provision would be complied with, if, upon

the completion and delivery of the work, no lien had been asserted, but in the event of a failure on the part of the railway company to pay for the work according to the terms of the contract, there is no inhibition against the assertion and enforcement of a lien to secure the payment of the amount, if any, due under the contract. Where the provisions of the contract relied upon as constituting a waiver of the statutory right to assert and enforce a lien are ambiguous, the doubt should be resolved against the waiver. These views are sustained by Davis v. LaCrosse Hospital Association, 121 Wis. 579.

The contract between the Central Illinois Construction Company and appellee, in pursuance of which appellee performed labor as a subcontractor in grading certain portions of the right of way and preparing the roadbed for the superstructure, contains the following provisions:

"Liens. Before final settlement is made between the parties hereto for work done and material furnished under this contract, and before any right of action shall accrue to the contractor against said company therefor, the said contractor shall furnish evidence satisfactory to the chief engineer of the company that the work covered by this contract is free and clear from all liens for labor and materials and that no claim then exists against the same for which any lien could be enforced."

"It is finally covenanted and agreed by and between the parties hereto for themselves, their subcontractors, executors, administrators, successors and assigns that this contract and all of its terms and provisions shall be binding upon them, and each and every one of them, and that the work covered by this contract and all money due thereunder shall be free from and not liable to any lien or charge at law or in equity or under the mechanic's lien act of any state, territory or county."

The latter provision of the subcontract above quoted constitutes an express waiver by appellee of

its right to assert and enforce a lien upon the property of the railway company, and it, therefore, follows that appellee must proceed against the original contractor alone in an appropriate action at law to recover the amount of money, if any, due to it under the terms of its contract.

The decree of the Circuit Court is reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with direction.*