**John F. Miller et al., Appellants, v. Walter F. Benson et al., Appellees.**

1. MECHANIC'S LIENS—*when sufficiency of petition as to contract set forth not subject to review.* A defendant is not entitled to raise on appeal the question of the sufficiency of the allegations of the petition as to the contract sought to be made the basis of the relief, where such defendant has answered the petition and

made no objection to the competency of the contract under the petition.

2. MECHANIC'S LIENS—*when subcontract sufficient under law of 1905.* If the time fixed for the completion of the original contract is within the provisions of the Mechanic's Lien Act of 1895, the subcontract will support a decree as against the owner who is a party to the original contract notwithstanding the subcontract may not fix the time for completion and payment.

Mechanic's lien. Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM C. JOHN, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded with directions. Opinion filed November 24, 1908.

EDWARD C. & JAMES W. CRAIG, JR., and JOHN E. JENNINGS, for appellants.

EDWIN J. MILLER, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

John F. Miller and George W. Miller, partners doing business under the firm name of Miller Brothers, filed their petition for a mechanic's lien in the Circuit Court of Moultrie county against Walter F. Benson, The Grand Lodge of the State of Illinois Free and Accepted Masons, and others, in which it was alleged that said Grand Lodge, being the owner of certain land in said county, entered into a contract with said Walter F. Benson to build a Masonic Home for said Grand Lodge upon said premises; that said Benson in pursuance of the terms of said contract erected and completed said home, which had been accepted by those in authority upon the part of said Grand Lodge; that about the first day of May, 1903, said Miller Brothers entered into a contract with said Benson to do the brick masonry upon said building and furnish sand, lime and necessary scaffolding for which they were to be paid the sum of $2,650; that said Miller Brothers entered upon the performance of such contract in June, 1903, and also at Benson's request had furnished extras in the sum of $118.05, and

that their contract had been completed on October 10, 1904, and that there was then due for such work and material, after allowing all proper credits, the sum of $517.80; that due notice of such claim had been given to such Grand Lodge and a claim therefor, in due form, filed with the circuit clerk of said county on the 29th day of December, 1904. There was the usual prayer for process and relief.

To this petition a demurrer was interposed and sustained and leave given to the petitioners to amend. Afterwards an amendment to such petition was presented, which amendment set up that the petitioners began the construction of said home in June, 1903, but at that time had no contract with Benson governing said work; that they continued to work without any contract until some time after the first of July, 1903, when they and Benson made an agreement governing such work. Answers were filed by the defendants to said petition denying that petitioners therein were entitled to the relief sought, and the cause was referred to the master in chancery, who took the evidence and reported to the court that said Miller Brothers were entitled to a lien as prayed for in their petition. To this report objections were filed and overruled by the master. These objections were afterward treated as exceptions to the report, sustained by the court and the petition dismissed at the costs of the petitioners. Miller Brothers bring the case to this court by appeal.

It is contended by appellees, The Grand Lodge of the State of Illinois Free and Accepted Masons, and the Board of Trustees of the Illinois Masonic Home, that the provisions of the contract between Benson and the other appellees, are not set out with sufficient definiteness in the petition to entitle appellants to a lien; that although the evidence may be sufficient to warrant a lien, no relief can be granted under the petition.

This point, however, said appellees are in no position to urge. They filed answer to the petition as

amended and when the contract between Benson and the Trustees of the Masonic Home was offered in evidence they made no objection to its competency under the petition. If appellees then thought that the contract offered was not sufficiently set out in the petition, or that there was a variance between the contract set out in the petition and the one offered in evidence, objection should have been made upon that ground at that time and thus have afforded appellants an opportunity to amend. Jack v. Weiennett, 115 Ill. 105-112; Smith v. Henline, 174 Ill. 184.

It is also contended by appellees that under the contract between appellants and Benson there was no time fixed for the completion of the work by appellants and for final payment thereof; that as the work was done under the contract entered into by appellants prior to July 1, 1903, section 6 of the laws of 1895 governing mechanic's liens, which provided that there should be no lien unless the work was done or the material furnished within one year from the date of the contract and final payment therefor was to be made within such time, applied and appellants could assert no lien.

The contract between Benson and the Trustees was full and explicit upon this point. It was dated March 30, 1903, and provided that the work under that contract should be completed or or before the first day of November, 1903, and that final payment should be made within thirty days after the contract had been fulfilled.

We understand the holding of our courts to be that the subcontract must be completed within the same time as the original contract, and therefore it is not essential that the subcontract provide for the completion and final payment, since the subcontract is subordinate to and controlled by the original contract. If the time fixed for the completion in the original contract is within the provision of the statute, the subcontract will support a lien as against the owner who

is a party to the original contract, notwithstanding the subcontract may not fix the time for completion and payment. Von Platen v. Winterbotham, 203 Ill. 198; Merritt v. Crane, 126 Ill. App. 337.

The decree is reversed and the cause remanded with directions to the Circuit Court to enter a decree in favor of appellants upon their lien.

*Reversed and remanded with directions.*